IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FREDRICK SMITH, SR., #1578310 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv239 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Fredrick Smith, Sr., an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging his Smith County conviction for possession of a controlled substance. The petition was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied as time-barred. The Petitioner has filed a response, which was construed as objections (docket entry #11).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

The objections raised several issues that should be addressed. The Twelfth Court of Appeals affirmed the Petitioner's conviction on November 3, 2010. He did not file a petition for discretionary review. The conviction became final when the opportunity to file a petition for discretionary review expired, and he had thirty days to file a petition for discretionary review. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). The conviction became final on December 3, 2010. Petitioner asked about the relevancy of the date on which the mandate was issued, but the Fifth Circuit has held that "the issuance of the mandate by the state court of appeals

1

is of no consequence for the purposes of § 2244(d)(1)(A). *Mark v. Thaler*, 646 F.3d 191, 194 n.2 (5th Cir. 2011) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). The present petition was due no later than December 3, 2011 in the absence of tolling.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. The Petitioner's state application was filed on November 29, 2011, which was just four days before the deadline of December 3, 2011. The Texas Court of Criminal Appeals denied his application on March 7, 2012. The application was pending for 100 days. Thus the deadline for filing the present petition was extended by 100 days to March 12, 2012. However, the present petition was not filed until March 29, 2012. It was filed too late. The Petitioner has not shown that any of the other provisions of § 2244(d) or principles of equitable tolling save the petition. Consequently, the petition was untimely filed.

In his objections, the Petitioner stressed that he mailed his state application on November 15, 2011. That date is not significant since the mailbox rule does not apply to the date he mailed his state application. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Schillereff v. Quarterman*, 304 Fed. Appx. 310, 313 (5th Cir. 2008). The Petitioner also discussed the six day delay between the time the Texas Court of Criminal Appeals issued the decision denying his state application and when he received the decision. Routine delays of a few days do not warrant tolling, although long delays in receiving state court action may warrant equitable tolling. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The period of time of six days in this case did not warrant statutory or equitable tolling. The objections raised by the Petitioner lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is therefore

**ORDERED** that the Report and Recommendation (docket entry #8) is **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 30th day of May, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**